FIRST NAT. BANK OF PLATTSMOUTH, NEB., v. WOODRUM et al.

(Circuit Court, S. D. Iowa, W. D. July 19, 1897.)

No. 325.

DEED—CONSTRUCTION—TRANSFER OF DOWER ESTATE.

Defendant (who was of very advanced age), as dowress, owned a life estate in the undivided one-third of three 80-acre tracts of land; the fee to all the tracts, subject to such dower interest, being in her son. Plaintiff bank (a creditor of the son for $2,000), by paying the claim of another creditor, who had bought in the son's interest in the land for $3,500, became owner of the son's title. Plaintiff sold two of the tracts for $4,000; obtaining a deed thereto from defendant, which recited as the consideration "the full enjoyment and possession and profits" of the remaining tract, on which defendant resided, and the market value of which was $2,000. Held, the testimony being in conflict, and construing the deed in the light of the situation and circumstances of the parties, that it was not the intention to give

defendant the full title to such tract, but merely the entire use of it during the continuance of her dower estate, in lieu of her former right to one-third of the income from the three tracts.

This was a bill in chancery filed by the First National Bank of Plattsmouth, Neb., against Neaty Woodrum and others, to set aside certain conveyances made by said respondent to her co-respondents. Heard on the pleadings and proofs.

Samuel W. Chapman and Finley Burke, for plaintiff.
W. E. Mitchel and Emmet Tinley, for defendants.

WOOLSON, District Judge. The pleadings in this suit present much of agreement, and but little of disagreement, as to the facts whose existence determines the decree to be herein entered. The proof narrows yet further this contention. Substantially, the matter in dispute is to be determined by the construction to be given to phraseology contained in a deed from defendant Neaty Woodrum to the plaintiff bank. The proof establishes the following facts:

At the commencement of this action the plaintiff bank was a corporation organized under the laws of the United States, with its place of business in the state of Nebraska, while the defendants were all citizens of the state of Iowa. About 1856 Washington Woodrum received from the United States letters patent for certain land, which included three 80-acre tracts in Fremont county, Iowa. One of these three 80-acre tracts comprises the disputed premises in suit at bar. In 1859 said Washington Woodrum died intestate; leaving surviving him his widow, the defendant Neaty Woodrum, and nine sons and daughters, among whom were defendants Wilson Woodrum and Allen S. Woodrum. The remaining defendant, Eunice A. Woodrum, is the wife of defendant Wilson Woodrum. His death left said real estate in fee to said sons and daughters,—charged, however, with the dower estate (a life interest) of the widow. Wilson Woodrum subsequently bought, and received conveyances to, said lands, from all his brothers and sisters; so that, subject to his mother's (the widow) life interest, Wilson Woodrum was the owner in fee of said three 80-acre tracts. From time to time the plaintiff bank loaned money to Wilson Woodrum, who was then quite largely engaged in stock dealing and shipping. In February, 1886, Wilson Woodrum was indebted to plaintiff bank something over $2,000, and he was surety on a note held by the bank for about $400. Woodrum had become indebted to Brown, Metleman & Co., of Sidney, Iowa, for about $3,500. This Sidney firm had obtained judgment for their debt against Woodrum in an action aided by attachment, and had bid in at sheriff's sale, on execution under their said judgment, certain land, including the three 80-acre tracts above referred to. The plaintiff bank on February 24, 1886, paid to the Sidney firm $3,500, and became the owners of Wilson Woodrum's interest in said tracts; that is, they became the owners in fee simple of said three tracts,—the same, however, being charged with the dower (life interest) of said widow Neaty Woodrum. In October, 1887, the bank found opportunity to sell two of these tracts, provided it could convey the full

title to the same. Thereupon negotiations were had with said widow, Neaty Woodrum, which resulted in her executing to said bank on October 28, 1887, her deed for said two of the three 80-acre tracts. The vital question herein is the construction of said deed. So far as the same is material herein, said deed is as follows, omitting the formal or immaterial (to this suit) portions:

"Know all men by these presents, that Neaty Woodrum, widow of Washington Woodrum, * * * in consideration of the sum of one dollar, and the full enjoyment and possession and profits of the east half of the southeast quarter of Sec. 34, Town. 70, range 43, Fremont county, Iowa, do hereby quitclaim and convey unto the First National Bank of Plattsmouth * * * [here follows description of the other two eighty-acre tracts]; the object and purport of this conveyance being to release all claims of dower, homestead, or other right of Neaty Woodrum, widow of Washington, deceased, of, in, and to the above-described land. In witness whereof, I have set my hand this 28th day of Oct., 1887.

"In presence of W. R. Paul.

her
Neaty X Woodrum."
mark.

At date of execution of this deed, said Neaty Woodrum was entitled to, and was receiving, her one-third interest in all of said three tracts. The dwelling house in which she lived was situated upon the 80-acre tract first above described in her said deed, which is the 80-acre tract not included in the terms of conveyance to the bank in said deed. On December 19, 1894, said Neaty Woodrum executed two deeds of conveyance for said last above stated 80-acre tract; the north 40 acres being thereby conveyed to defendant Allen S. Woodrum, and the south 40 acres thereof to defendant Eunice A. Woodrum, who is the wife of defendant Wilson Woodrum. These deeds are identical in terms, except as to description of land conveyed. In each deed the consideration is "the sum of one dollar in hand paid," and each deed contains this reservation in favor of the grantor, viz.: "The same to remain under the control and subject to her support during her lifetime." These two deeds contain the covenant of general warranty usually given in Iowa for a deed with full warranty. At the time these three 80-acre tracts were conveyed to plaintiff bank by the Sidney firm, they were worth about $6,000. When the two 80-acre tracts were deeded to the bank by the above deed from Neaty Woodrum, they were worth about $25 per acre, which was the price obtained by the bank for the tracts sold. The proof is clear that, when the bank took the land from the Sidney firm, they believed the land to be worth (if freed of the dower interest) about the amount of money they had in it; that is, the debt owed the bank from Wilson Woodrum, and the money paid by the bank to the Sidney firm, represented substantially the entire value at that time of the three tracts, had these been free from the dower incumbrance. The inducement to the bank to take the land and pay off the claim held by the Sidney firm is shown in the testimony of the cashier (at that time) of the bank, and of the bank's attorney; viz. that, at the advanced age of the widow, her dower claim would not last very long, and that "their only prospect of obtaining their claim would be to take the assignment [of the Sidney firm], and then take their chances on

the appreciation of the land to get out." As to this there seems no contention. The answers filed assert that the 80-acre tract in dispute was the property, in fee simple, of the widow, Neaty Woodrum, coming to her from a parol sale to her of that tract by her son Wilson after he had obtained quitclaims from his brothers and sisters (she at the time taking possession thereof under such sale, etc.), prior to the deed from sheriff's sale under execution issued on the judgment in favor of the Sidney firm. But the proof fails to sustain this alleged sale, etc., to her.

The plaintiff bank contends (and the evidence introduced by it, if competent, and unless successfully overthrown, abundantly sustains the contention) that at the time defendant Neaty Woodrum conveyed to them the two 80-acre tracts the agreement between her and the bank authorities was that, instead of having a dower interest in the three tracts, she should release her dower in two tracts, and be permitted to have the use, rents, profits, etc., of the one tract. In other words, the dower one-third interest or use for life, amounting to an undivided one-third interest in 240 acres, would be substantially the same as the entire use of an 80-acre tract for life. Thus the bank could at once realize on the purchase price of two tracts, and their right to realize on the other 80 would alone be deferred until the death of the widow. Defendants' contention is that, in consideration of the widow's so releasing the two tracts as that the bank could at once realize therefrom, the bank agreed with the widow that they would surrender to her their entire interest in the remaining 80 acres, so that she should thereby become the full owner thereof. Looking at the transaction as crystallized in writing, the latter contention seems not sustained. Ordinarily, one would anticipate that some writing would pass from the bank to the widow, if defendant's contention is the correct statement of what was then intended. The bank held a deed which included the remaining 80-acre tract. Such deed was on the record. That the record might present fully the transaction, and evidence the bank's conveyance to her of their ownership (subject only to her dower) of this 80-acre tract, the suggestion would be natural—would ordinarily occur to any one who was a party to it—that some paper from the bank, affirmatively evidencing this conveyance from the bank, should pass from the bank to the widow, while, if the bank's contention is correct (that the life use to the widow of the entire eighty was intended), the transaction might naturally be evidenced by the deed of the widow, and the bank's acceptance thereof. Again, looking at the transaction from the standpoint of the bank's money interest in the land: It had in the tract about $6,000 of money paid out. It was to receive from the purchaser of the two tracts $25 per acre, or about $4,000. It owned the entire 240 acres, subject to the dower interest. The widow was a lady of greatly advanced age. No evidence is introduced showing why the bank should be expected to accept $4,000 (resulting from the sale of the two 80's when released of the dower interest), and thereby submit to the loss of the remaining $2,000, while there stood in the way of its realizing this $2,000 only the probably not

many years of the widow's remaining life. The testimony of the officials of the bank and its counsel clearly supports the contention of the bank, while the testimony of the aged lady and of defendant Eunice Woodrum, tending to the contrary, is not clear, and is in many points directly contradicted, and is unsatisfactory. Turning to the phraseology of the deed from defendant Neaty Woodrum to the bank, I am compelled, from its phraseology, construed in the light of attendant circumstances, to find against the contention of defendants. This phraseology is not clear or satisfactory. It states as a part of the consideration received by the grantor, "the full enjoyment and possession and profits" of the disputed 80 acres. No term of years is stated. No limitation is named. Theretofore she had lived thereon, and had received "enjoyment and profits" of one-third interest therein. Henceforth she was to receive "full enjoyment and profits," as well as "possession." "If there be ambiguity in the contract, resort may be had to the situation of the parties, and the circumstances under which it was entered into, for the purpose, not of changing the writing, but of furnishing light by which to ascertain its actual significance." Runkle v. Burnham, 153 U. S. 216, 224, 14 Sup. Ct. 837; Walker v. Brown; 165 U. S. 654, 668, 17 Sup. Ct. 453. Having in mind the circumstances under which the Neaty Woodrum deed was executed, and the situation of the parties at the time of its execution, I am clearly of the opinion that the contention of defendants is without support in the deed, and that said deed gave to defendant Neaty Woodrum "full enjoyment, possession, and profits" of said 80-acre tract, to wit, the E. $\frac{1}{2}$ of the S. E. $\frac{1}{4}$ of section 34, township 70, range 43, Fremont county, Iowa, for her lifetime only, and that its effect was and is to release to said Neaty Woodrum the interest owned and held by said bank in said 80 acres for and during the period of her natural life, and concurrently with the duration of the dower interest therein theretofore held by her. The conveyances from Neaty Woodrum to Allen S. Woodrum and Eunice A. Woodrum, in so far as they purport to convey title in fee of portions of said 80 acres, are without foundation therefor in said grantor. The only record title held by Neaty Woodrum at the date when she executed said deeds to her said grantees is contained in the said deed from her to said bank, which, as we have seen, is not a fee-simple title, but merely an interest for life.

As to the averments of the bill herein that Neaty Woodrum was of such impaired mental condition as to render her incapable, at the time of her deeds to Allen S. and Eunice A., of executing such conveyances, the proof does not sustain the same.

The equities herein are found with plaintiff, which is entitled to recover the costs herein. Counsel for plaintiff will prepare a decree accordingly, and submit the same to counsel for defendants. To all of which defendants except.