## THE SALVORE.

### Petition of NAVIGAZIONE LIBERA TRIESTINA, S. A.

Circuit Court of Appeals, Second Circuit. December 9, 1929.

No. 182.

See, also, 34 F.(2d) 150, 152.

Single & Single, of New York City (Carroll Single and C. Welmore Robinson, both of New York City, of counsel), for appellants.

Burlingham, Veeder, Fearey, Clark & Hupper, of New York City (John L. Galey, of New York City, of counsel), for respondent.

Before MANTON, L. HAND, and MACK, Circuit Judges.

MANTON, C. J. The order appealed from denies appellants' application to require appellee to dismiss certain actions brought in the courts of Italy for abuse of process in seizing and detaining the vessels of the appellee here and requiring a bond.

The citation also asked that the court find that the claims presented here in the libels filed are without foundation, but damages were requested only for abuse of process. The alternative relief here sought was to dissolve an injunction granted in limitation of liability proceedings. Rev. Stat. §§ 4282–4287 (46 USCA §§ 182–187). The trial of the actions in Italy may involve the adjudication of the appellee's liability for the cargo damaged.

The libels filed below were for recovery of cargo damage claimed to have resulted from the failure to remove the cargoes of the appellants from the hold of the ship Salvore while at Genoa, Italy, prior to making repairs, at which time the vessel caught fire and did damage to the cargoes. The libels filed below in December, 1926, are in personam, with a clause of foreign attachment. The marshal could not find the appellee in the district and seized its steamship Brenta II. He allowed the vessel to load and discharge her cargo as the appellee desired. At the request of the appellee, another vessel, later to arrive, was substituted for attachment by virtue of a stipulation between the parties. Owing to a dispute, however, as to the stipulation, the matter was called to the attention of a District Judge, and a stipulation was entered into, as suggested by him, which in part reads:

"It is further stipulated and agreed that the respondent foregoes and waives any and all claims for damages against the proctors for the libelant as to the Steamships Brenta II and Savoia and against the United States Steel Products Company, Vacuum Oil Company, S. A. I., and Bunge North American Grain Corporation, as to the Brenta II, by reason of or in connection with the seizure and attachment of the Brenta II and Savoia."

It was subsequent to making this stipulation, and eight months after filing the libels below, that the actions in the courts of Italy, claiming damages for unlawful attachment, were instituted. Thereafter, and when the case was at issue and on the calendar, the limitation of liability proceedings was instituted below.

In denying the relief petitioned for, the court held it had no power to stay the limitation proceedings, or to compel the appellee to cease or discontinue its actions in Italy. It held it had no power to compel compliance for such dismissal. The effect of a limitation of liability proceedings was discussed in Hartford Accident & Indemnity Co. v.

Southern Pac. Co. (The Bolikow) 273 U. S 207, 47 S. Ct. 357, 71 L. Ed. 612, where the court gave a very broad and equitable construction of the power of the admiralty court to carry out its purpose to facilitate the settlement of the whole controversy over such losses as are comprehended within the admiralty jurisdiction and said that "all the ease with which rights can be adjusted in equity is intended to be given to the proceeding. It is the administration of equity in an admiralty court. Dowdell v. United States District Court (C. C. A.) 139 F. 444, 445. The proceeding partakes in a way of the features of a bill to enjoin a multiplicity of suits, a bill in the nature of an interpleader, and a creditor's bill. It looks to a complete and just disposition of a many cornered controversy. * * * "

■ The limitation proceeding was an appeal to a court of admiralty, which is a court of equity, invoking the aid of the court, and the appellee, seeking equity, should willingly do equity, if it wants the benefit of avoiding a multiplicity of suits and limiting its liability, for it in effect asks for a complete and just disposition of the "many-cornered controversy" which has arisen by the shipment of appellants' cargoes. It must be willing to bring in all the controversies in the limitation proceedings, for it has invoked the court's aid.

■ We do not say what the defense may be based upon the stipulation which the parties have entered into, and to which we have referred; but, under all the circumstances, we do say its petition to proceed in limitation of liability proceeding should not have been permitted by the court below unless and until the appellee agreed to litigate all the controversies, including the claims of the alleged unlawful attachment. The court below had the power to dissolve the ex parte injunction granted in limitation, which restrained the appellants' suits. The Bolikow, supra; The Idaho, Fed. Cas. No. 6,996. This power is referred to in The Bolikow, where the court said:

"If Congress has constitutional power to gather into the admiralty court all claimants against the vessel and its owner, whether their claims are strictly in admiralty or not, as this court has clearly held, it necessarily follows, as incidental to that power, that it may furnish a complete remedy for the satisfaction of those claims by distribution of the res, and by judgments in personam for deficiencies against the owner, if not released by virtue of the statute."

714

Moreover, the court said:

"But this limitation of liability proceeding differs from the ordinary admiralty suit, in that, by reason of the statute and rules, the court of admiralty has power * * * to do what is exceptional in a court of admiralty —to grant an injunction, and by such injunction bring litigants, who do not have claims which are strictly admiralty claims, into the admiralty court. Benedict on Admiralty (5th Ed.) § 70, note 97. There necessarily inheres, therefore, in the character of the limitation of liability proceeding in reference to such nonadmiralty claims, the jurisdiction to fulfill the obligation to do equitable justice to such claimants by furnishing them a complete remedy."

Limitation of liability proceedings do not put an end to the libels filed and the proceedings had in the court before the institution of the limitation proceeding suit. Huasteca Petroleum Co. v. Cia de Navegacao Lloyd Brasileiro (The Pelotas) 297 F. 318 (D. C.).

The court below having obtained prior jurisdiction of the parties, and the appellee having sought that same jurisdiction in its limitation proceedings, unquestionably gave the court the power to deal with the appellee before it as equity and justice required. It could have refused the injunction in the limitation proceedings, or it could have granted the injunction only upon condition that the appellee willingly litigated all the controversies arising, including the subject-matter of the claims filed in the Italian actions. The court could not restrain the trial in the Italian courts, but it could restrain or stay the limitation proceedings within its jurisdiction.

The court first securing jurisdiction has the authority and power of enjoining the parties to the litigation from proceeding in another jurisdiction. And the court has an undoubted authority to control all persons and things within its own territorial limits. Cole v. Cunningham, 133 U. S. 119, 10 S. Ct. 269, 33 L. Ed. 538; Gage v. Riverside Trust Co. (C. C.) 86 F. 999. It is not claimed by the appellants that the court's direction not to proceed in limitation proceedings would in itself discontinue the actions in the Italian court, but the relief sought and denied would operate only in restraint of the parties in the proceeding, and it is in no sense a prohibition upon the action of the legal tribunal itself. Central National Bank v. Stevens, 169 U. S. 432, 18 S. Ct. 403, 42 L. Ed. 807.

The court below will dissolve the injunction in the limitation proceeding, unless the appellee stipulates to stay the trial of the actions in the Italian court until the trial and determination of the appellants' claims. If the Italian actions be stayed, the limitation proceeding may proceed. Otherwise, the libels originally filed in the court below will be tried.

While the matter of granting a preference on the trial calendar of the court below was addressed to the court's sound discretion, no valid reason has been advanced for denying the application in view of the pendency of the actions in the Italian court. Preferences might well have been granted. An order will be entered in conformity with this opinion. Order reversed.