## In re LIVERPOOL, BRAZIL & RIVER PLATE STEAM NAV. CO., Limited, et al.

District Court, S. D. New York.

Feb. 3, 1931.

Burlingham, Veeder, Fearey, Clark & Hupper, of New York City (Van Vechten Veeder and Chauncey I. Clark, both of New York City, of counsel), for petitioners.

Hunt, Hill & Betts, of New York City (Geo. Whitefield Betts, Jr., of New York City, of counsel), for Frederick F. Brown and others.

Bigham, Englar, Jones & Houston, of New York City (Oscar R. Houston and W. J. Nunnally, Jr., both of New York City, of counsel), for claimants.

COXE, District Judge.

This is a motion by claimants in limitation proceedings for "an order dismissing the petition unless the petitioners furnish further security." The claims already filed exceed $4,000,000, and the ad interim stipulation amounts to $90,000. There is a contest with respect to the right to limit, and it is insisted by the claimants that pending a determination of that issue there should be an additional security to protect the claimants in the event limitation is denied.

The principal grounds for the motion are (1) that one of the petitioners is now in the hands of a receiver; and (2) that the other petitioner has recently withdrawn a number of its vessels from American service and is planning to remove its property beyond the reach of the court.

I find nothing in the Limitation Statute or the Rules which permits this court to exact security beyond that required as a prerequisite to the institution of the proceeding. I do not think either that the injunction may be withheld or withdrawn unless additional security is furnished to protect the claims in the event limitation is denied. To do so would defeat the beneficial purpose of the statute, so often recognized by the Supreme Court. And the court cannot properly seek to accomplish by indirection what it is unable to do by direction by withdrawing the injunction to permit attachments to issue in State Court actions.

The injunction is statutory, The City of Norwich, 118 U. S. 468, 6 S. Ct. 1150, 30 L. Ed. 134, and, although there is broad general power to maintain the equitable character of the proceeding, The Salvore (C. C. A.) 36 F.(2d) 712, there is no authority to inject conditions which may be burdensome and have nothing to do with the equitable jurisdiction. Furthermore, it is not apparent how such attachments, if obtained, could be utilized by the claimants in the event limitation should be denied. For it is now settled that the admiralty court has exclusive jurisdiction to adjudicate the filed claims and render judgment in rem and in personam, even if the claimants succeed in defeating limitation. Hartford Accident & Indemnity Co. of Hartford v. Southern Pac. Co., 273 U. S. 207, 47 S. Ct. 357, 71 L. Ed. 612; The Linseed King (D. C.) 24 F.(2d) 967. And it makes no difference in that respect that there is still uncertainty regarding the status of unfiled claims [The Agwisun (D. C.) 20 F. (2d) 975], and claims which have not sub-

mitted to the admiralty jurisdiction [The Aloha (C. C. A.) 35 F.(2d) 447, certiorari granted, Langnes v. Green, 281 U. S. 708, 50 S. Ct. 246, 74 L. Ed. 1131].

The cases cited by the claimants are plainly distinguishable. In The Titanic (C. C. A.) 204 F. 260, the injunction was lifted to permit a death claimant to commence an action in the state court in order to avoid the bar of the Statute of Limitations. The sole reason for the decision was a doubt as to the legal status of the claim in the event limitation should be denied, and it was thought the claimant should be protected in the state court if ultimately required to enforce his claim there. This doubt had now been completely removed by the decision of the Supreme Court in Hartford v. Southern, supra. In any event, the case cannot be regarded as an authority for the broad contention advanced by the claimants on the present motion. Neither is The Agwisun, supra, to be stretched beyond its peculiar facts. In that case, the injunction was withdrawn to compel the filing in an adjoining district of a stipulation of value which the petitioner had previously agreed to furnish, and which the court thought might conceivably be enforced in the event limitation was refused. The Salvore, supra, held merely that, inasmuch as the limitation proceeding was equitable in its nature, the petitioner should do equity before he could properly ask the court to grant equitable relief. He was, therefore, required to submit to a temporary stay of the prosecution of actions against the claimants in Italian courts as a condition to the maintenance of the limitation proceedings. In none of these cases was there anything more than the exercise of a sound discretion in aid of the general equity jurisdiction of the court; and this is not enough to sustain the present motion.

The motion for further security is therefore denied.