**Diesel Tanker A. C. DODGE, Inc., owner of the Motor Vessel A. C. DODGE, and Spentonbush Fuel Transport Service, Inc., Appellants,**

**v.**

**J. M. CARRAS, Inc., Appellee.**

**No. 124, Docket 23219.**

United States Court of Appeals, Second Circuit.

Argued Jan. 10, 1955.

Decided Feb. 3, 1955.

See, also, D.C., 117 F.Supp. 216.

On May 25, 1952, appellant's tanker A. C. Dodge was in collision with the S. S. Michael in the Delaware River. The collision and subsequent fire and explosion resulted in the death of all but one of the Dodge crew, the death of and injuries to persons abroad the Michael, damage to that vessel, and the total loss of the A. C. Dodge and her cargo. Appellant located the Michael at Baltimore, Maryland, and on June 9, 1952 instituted suit in Admiralty in the District of Maryland against her to recover the damages sustained by the Dodge owner, as a result of the collision.

Numerous suits were started against appellant by the personal representatives of the deceased persons, and by those injured. On November 24, 1952, appellant instituted a limitation of liability proceeding in the Eastern District of New York, where it sought and obtained (by an order dated December 1, 1952) the usual injunction restraining the institution or prosecution of suits, except in the limitation proceeding. Numerous claims and answers were filed in the limitation proceeding by those seeking recoveries for the deaths and personal injuries, and by the J. M. Carras, Inc., appellee, owner of the Michael, which pressed a substantial claim for the Michael's damage.

Appellee, J. M. Carras, Inc., made a motion in the limitation proceedings, pending below, that the injunction previously made in those proceedings be dissolved because of appellant's continued prosecution of its libel against appellee in the Maryland district court. Acting on this motion, the court below, on April 19, 1954, entered an order reading as follows: "It Is Ordered, that the order heretofore entered herein on December 1, 1952, restraining and enjoining the institution or further prosecution of suits or actions against petitioner herein and any other orders entered herein enjoining and restraining the institution or prosecution of suits against petitioner, be and the same hereby are dissolved, and it is further ordered that if prior to April 23, 1954, petitioner herein obtains, upon joint request with claimant J. M. Carras, Inc., a stay of

the suit instituted by petitioner in the United States District Court, for the District of Maryland against the S. S. Michael, until the final determination on the merits of this proceeding, petitioner may apply to this Court for the entry of another order restraining and enjoining the institution or prosecution of suits against it."

On motion of appellant, the Maryland District Court, on April 21, 1954, stayed the suit pending in that court until the final determination of the merits of the limitation proceeding. Then, on April 23, 1954, on appellant's motion, the court below made an order reinstating the injunction order in the limitation proceeding. From that order of April 19, 1954, appellant appeals.

Foley & Martin, New York City, (Christopher E. Heckman, New York City, John J. McElhinny, New York City, of counsel), for appellants.

Haight, Deming, Gardner, Poor & Havens, New York City, Cantor & Opper, New York City (MacDonald Deming, Gordon W. Paulsen, New York City, of counsel), for appellee.

Before CLARK, Chief Judge, and FRANK and HINCKS, Circuit Judges.

FRANK, Circuit Judge.

1. The order of April 19, 1954, is appealable, under 28 U.S.C. § 1292, as an order involving the modification of an injunction order. We think that what subsequently occurred did not render the April 19 order moot since appellant, in obtaining the stay in the Maryland suit, acted under the compulsion of the April 19 order so that it might have the benefit of the usual injunction incident to a limitation proceeding.

2. The April 19 order was clearly correct. See The Salvore, 2 Cir., 36 F.2d 712, 713, where we said: "The limitation proceeding was an appeal to a court of admiralty, which is a court of equity, * * * and the appellee, seeking equity, should willingly do equity, if it wants the benefit of avoiding a multiplicity of suits and limiting its

liability, for it in effect asks for a complete and just disposition of the 'many-cornered controversy' * * * It must be willing to bring in all the controversies in the limitation proceedings, for it has invoked the court's aid."

Affirmed.