**Petition of MARSUERTE COMPANIA NAVIERA, S.A., as Owner of the STEAMSHIP TASSIA for Exoneration from or Limitation of Liability.**

United States District Court
S. D. New York.

Feb. 2, 1966.

Healy & Baillie, New York City, Allan A. Baillie, New York City, of counsel, for petitioner, Marsuerte Compania Naviera, S.A.

Hill, Rivkins, Louis & Warburton, New York City, Alan S. Loesberg, Vincent J. Ryan, New York City, of counsel, for claimants.

BONSAL, District Judge.

Claimants in this limitation proceeding asserting claims in excess of $150,000 have moved for an amendment to the restraining order now in effect to permit them to commence an action in the New York courts and to attach the proceeds of insurance policies and any other assets of the petitioner corporation within this jurisdiction pursuant to Article 62 of the Civil Practice Law and Rules.

The S.S. TASSIA, flying the Greek flag, sailed from Antwerp, Belgium on April 23, 1965 with a cargo of steel. In early May she ran into severe storms in the Atlantic and sank on May 9. On November 9, 1965, her owner, Marsuerte Compania Naviera, S.A., a Panama corporation, petitioned in this court for exoneration from or limitation of liability with respect to claims for the loss of cargo (46 U.S.C. §§ 1300, 1304; 46 U.S.C. §§ 182–189). On November 12, 1965 the usual restraining order was issued staying all actions pending the determination of the petition. For the purpose of the limitation of liability proceeding it has been stipulated that the value of petitioner's interest in the TASSIA was $38,250.00, consisting of lump-sum freight charges which were collectible despite loss of the cargo. The ship itself was a total loss.

It appears that the petitioner holds various hull insurance policies on the TASSIA and that petitioner and its sole stockholder, one Pierro C. Johnson, have instituted proceedings in the State courts to recover on these policies.

Claimants recognize that they will be entitled to assert their claims against the proceeds of the insurance policies only if the petition for limitation of liability is denied in this court. Place v. Norwich & New York Transportation Co., 118 U.S. 468, 6 S.Ct. 1150, 30 L.Ed. 134

(1886). However, claimants point out that petitioner is an alien corporation wholly owned by one stockholder, which had as its primary asset a vessel lost beyond recovery, which flew a flag of convenience. Claimants contend that unless they are now permitted to take proceedings in the State court, even if the petition for limitation of liability should be later denied, the petitioner could make itself judgment proof in excess of the $38,250.00 by removing outside of the jurisdiction of this court the proceeds of the hull insurance if recovered by it. Bond has been posted by petitioner for the $38,250.00, and the restraining order was issued pursuant to 46 U.S.C. § 185, which provides:

"The vessel owner * * * may petition a district court of the United States of competent jurisdiction for limitation of liability within the provisions of this chapter and * * * shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the interest of such owner in the vessel and freight, or approved security therefor * * *. Upon compliance with the requirements of this section all claims and proceedings against the owner with respect to the matter in question shall cease."

There is no doubt that the limitation of liability procedure here involved confers unique advantage to shipowners not available to other common carriers. The shipowner may limit his liability and also force a consolidation of all proceedings against him. Today, when foreign corporations are often used by American citizens to hold title to vessels flying as a flag of convenience the flag of a third country, many of the reasons for this special treatment of shipowners have largely disappeared. As stated by Mr. Justice Black in Maryland Casualty Co. v. Cushing, 347 U.S. 409 at 437, 74 S.Ct. 608 at 623, 98 L.Ed. 806 (1954):

"Judicial expansion of the Limited Liability Act at this date seems especially inappropriate. Many of the conditions in the shipping industry which induced the 1851 Congress to pass the Act no longer prevail. And later Congresses, when they wished to aid shipping, provided subsidies paid out of the public treasury rather than subsidies paid by injured persons."

Gilmore & Black has noted, "Since approximately 1930 the early enthusiasm, both legislative and judicial, for the limitation principle has cooled." Gilmore & Black, The Law of Admiralty (1957), at 666–7.

Under the facts here, had claimants known of the hull insurance before the petition for limitation of liability was filed in this court, they would have been free to attach the proceeds. Had they done so, the restraining order would only have stayed the attachment and not vacated it, so that they would have had resort to the proceeds if the petition for limitation of liability were ultimately denied. Huasteca Petroleum Co. v. Cia. de Navegacao Lloyd Brasiliero, 297 F. 318 (D.C.N.Y.1924). It would appear inequitable to deny the claimants the same opportunity because of the happenstance that the petition for limitation of liability was first filed. It is the view of the court that because of the recent trends above referred to, the decision in In re Liverpool, Brazil & River Plate Steam Nav. Co., 49 F.2d 947 (D.C.N.Y. 1931) should not be applied on the facts of this case. Here petitioner is a Panama corporation. Its only primary asset was a vessel flying the Greek flag. These facts raise the possibility that the proceeds of the hull insurance may be removed from the jurisdiction before the petition for limitation of liability is allowed or disallowed. The court deems it to be in the sound exercise of its equitable powers to modify the restraining order to permit claimants to proceed by way of attachment in the State courts. See In re Wood's Petition, 230 F.2d 197 (2d Cir. 1956).

Accordingly, the November 12, 1965 restraining order is modified so that claimants may proceed in the New York courts to attach any property of petitioner pursuant to the Civil Practice Law and Rules, provided that all proceedings following attachment will be stayed pending final determination of the petition for limitation of liability, and provided further that the attached property, or the proceeds thereof, shall be made available pro rata to all the claimants in the event the petition for limitation of liability is finally denied.

It is so ordered.