**In the Matter of the Complaint of UN-TERWESER REEDEREI, GMBH, for exoneration from, or limitation of liability as owner of the M/S BREMEN.**

**No. 68–290 Civ. T.**

United States District Court
M. D. Florida,
Tampa Division.

Feb. 27, 1969.

David C. G. Kerr, of Macfarlane, Ferguson, Allison & Kelly, Tampa, Fla., Warren Faris, of Faris, Ellis, Cutrone, Gilmore & Lautenschlaeger, New Orleans, La., for plaintiff.

Dewey R. Villareal, Jr., of Fowler, White, Collins, Gillen, Humkey & Trenam, Tampa, Fla., James K. Nance, of Baker, Botts, Sheppard & Coates, Houston, Tex., for defendant.

### ORDER

KRENTZMAN, District Judge.

THIS CAUSE came on for consideration upon a Motion for Injunction filed by Zapata Offshore Company, claimant, and a Motion to Stay filed by Unterweser Reederei, plaintiff. The Court having reviewed the excellent briefs submitted and having heard argument of counsel, determines that the injunction prayed for should be granted, and the

Motion to Stay should be denied. As the basis for this determination the Court makes the following observations and conclusions.

## I

## STATUS OF PROCEEDING

The present controversy finds its origin in a mishap that occurred in the Gulf of Mexico on January 9, 1968. On January 12, 1968, Zapata Off-Shore Company filed its complaint against Unterweser Reederei, GMBH and the M/S BREMEN in this Court, the case being docketed as 68–21 Civ.T., for damages allegedly sustained by its drill rig CHAPARRAL while in tow of Unterweser's Tug BREMEN. Unterweser responded to the complaint by filing a motion to dismiss for lack of jurisdiction, contending that by virtue of a provision in the towage contract with Zapata the forum for any litigation should be the "London Court of Justice." The motion sought, alternatively, an order declining jurisdiction or an order staying further prosecution of proceedings in 68–21 Civ.T. The Court denied these motions in its Order of July 29, 1968.

After the Zapata complaint was filed in this Court, Unterweser instituted an action against Zapata in the High Court of Justice in London, England, February 21, 1968. In the London suit Unterweser claimed hire and other moneys due under said contract of towage and for damages for breach of contract. Later, on July 2, 1968, Unterweser filed its complaint in this cause, 68–290 Civ.T. seeking exoneration from or limitation of liability arising out of the mishap of January 9, 1968. On July 5, 1968, the Court entered an injunction restraining the prosecution of all other claims and proceedings arising from the events occurring on January 9, 1968.

On July 8, 1968, Zapata filed its claim in this action asserting the same cause of action as alleged in its original complaint in 68–21 Civ.T., and on July 24, 1968, Zapata filed its answer to the complaint.

On August 28, 1968, Unterweser filed its objection to Zapata's claim and also its counterclaim against Zapata, alleging in Count I the same claim as asserted by it in the London suit above mentioned, and in Count II Unterweser alleged a salvage cause of action.

Unterweser continued to pursue its action in the London Court and Zapata sought injunction relief in this Court on September 19, 1968. Unterweser has responded and on October 2, 1968, moved to stay further prosecution of the claim filed by Zapata in this suit. Zapata has not filed answer in the London Court and has not joined issue.

Unterweser states the issue to be decided by the Court thusly:

"Whether a District Court sitting in Admiralty in a limitation proceeding has jurisdiction under any circumstances, to enjoin the petitioner in the limitation proceeding from prosecution of an action in a foreign country against a claimant in the limitation action?"

■ Limitation proceedings are considered to be equitable in nature. Cases: A. C. Dodge, Inc. v. J. M. Carras, Inc., 218 F.2d 911 (2 Cir. 1955); The Salvore, 36 F.2d 712 (2 Cir.1929); Hartford Accident & Indemnity Co. v. Southern Pacific Co. 273 U.S. 207, 47 S. Ct. 357, 71 L.Ed. 612, 1927; Benedict on Admiralty, § 479 (6th Ed.1940).

The Court having once taken jurisdiction in the limitation proceedings may proceed to determine all matters relating to the controversy. As stated in Hartford Accident Co. v. Southern Pacific Co., *supra*, the limitation action is:

" * * * an equitable suit to the extent that the admiralty court, having the broadest of powers to do exact justice between the parties, may take any such action in the case as justice demands * * *."

■ The question of enjoining prosecution of litigation in another forum has been considered in several of the above cases. It seems clear that *one*, when seeking to take advantage of the

limitation statutes, § 181 et seq. Title 46, U.S.C. should be required to "do equity" by refraining from litigating the same controversy in other courts. The cases on this issue all regard the determination of whether or not the ship owner may be allowed to proceed simultaneously in the other forum as being based upon equitable considerations. In *The Salvore, supra,* and A. C. Dodge, Inc. v. J. M. Carras, Inc. supra, the Second Circuit Court ·of Appeals held that the ship owner could not seek limitation of or exoneration from liability in the District Court while at the same time litigating in other courts. A contrary result was reached in Petition of A/S J. Ludwig Mowinckels Rederi, 268 F.Supp. 682, (So.Dist.N.Y.1967). In that case the collision occurred off the coast of France and action was started in England in the High Court of Justice and the court pointed out that many of the claims were being litigated in the London Court. The Court also pointed out that since other suits by cargo claimants against both ship owners were pending in the French Courts, there could not possibly be one jurisdiction in which a concourse of all claims arising out of the collision could be established. The Court acknowledged that it had the power to grant an injunction in such a case but declined doing so stating that the equitable considerations invoked by the moving party were not impressive. This ·case certainly does not stand for ·the proposition that the District Court is without power to grant an injunction in such a case, it merely states that the exercise of the power should be based on equitable facets of the particular case. It is clear from The Salvore, Dodge and Mowinckels cases that the District Court can indeed restrain the petitioner seeking limitation from prosecuting an action based on the same events in another forum.

In seeking the benefits of the Limitation Act, Unterweser should recognize that this Court has jurisdiction, to determine the entire controversy. In aid. of this jurisdiction, it may be, and it is, in this case, necessary to require that duplicity of litigation be terminated. This case is unlike cases where there are numerous claimants proceeding in several forums simultaneously. In the case at bar there are only two parties litigating the dispute occasioned by the events of January 9, 1968. Suit was initially filed in this Court, this Court has ruled that it does have jurisdiction over the controversy, and this Court also has taken jurisdiction in the limitation action. The proposition that the case should at the same time be prosecuted in another forum is not well received.

Although Unterweser again argues in its Motion to Stay that the venue provisions of the towage contract are controlling, this Court has already passed on that contention. While at that time the Court did not rule that Unterweser could not proceed with an action in the London Court, the same considerations recited as a basis for retaining jurisdiction in the Order of July 29, 1968, are determinative of this issue. In addition, Unterweser has voluntarily invoked this Court's jurisdiction in filing this limitation proceeding in which Zapata has filed claim and answer and joined issue, and also Unterweser has invoked this Court's jurisdiction in filing its counterclaim against Zapata upon which issue has also been joined.

This Court having first acquired jurisdiction over the parties and the subject matter of this controversy both through the complaint in 68–21 Civ.T. and the limitation action filed by Unterweser in this cause, does have the power to restrain the parties before it from litigating the same matters elsewhere. See: 43 C.J.S. Injunctions, § 49; 28 Am.Jur., Injunctions, § 214; and Modern Federal Practice Digest, Courts, § 492, pocket parts pages 266–267.

The balance of convenience is strongly in favor of litigation in this forum initially and to allow the same action to be prosecuted simultaneously elsewhere would cause inequitable hardship. Such an action could only tend to frustrate and delay the speedy and efficient deter-

mination of the cause in this Court. The Court feels that the parties being properly before it should be restrained from proceeding further in the foreign court.

Although Unterweser quite correctly points out that this Court cannot act extraterritorially, the Court does have the power to control the actions of those properly before it. Unterweser, having been brought into the jurisdiction of this Court in 68–21 Civ.T., and having further affirmatively invoked this Court's jurisdiction in the limitation proceeding, is subject to the Court's direction. The Court does not attempt to control the actions of the London High Court of Justice, or any other foreign tribunal for that matter, but it does hereby restrain Unterweser from proceeding further in litigating this action anywhere else until this Court has made its determination.

Having made these determinations and being otherwise advised in the premises, it is, therefore.

Ordered and adjudged:

1. That the motion for injunction filed by Zapata Off-Shore Company is granted.

2. That the parties in this cause, Unterweser Reederei, GMBH and Zapata Off-Shore Company, are hereby enjoined from proceeding any further in litigating any and all matters relating to this controversy in other jurisdictions (including that certain action now pending in the High Court of Justice, Probate, Divorce and Admiralty Division (Admiralty), London, England, 1968 Folio 64, styled "Unterweser Reederei, GMBH v. Zapata Off-Shore Company") until such time as this Court has made its determination in the case presently before it. A certified copy of this Order may, however, be filed with or otherwise brought to the attention of the High Court of Justice in London.

3. That the motion for stay filed in this cause by Unterweser Reederei, GMBH be and the same is hereby denied.