**In the Matter of Petition for Exoneration and Limitation of Liability of the BOAT CAMDEN, INC., Plaintiff.**

**Misc. No. 78–8001.**

United States Court of Appeals,
First Circuit.

Argued Jan. 11, 1978.

Decided Jan. 18, 1978.

Carroll E. Ayers, Wakefield, Mass., for applicant upon application and memorandum in support thereof.

Michael B. Latti, Boston, Mass., with whom Joseph P. Flannery and Latti & Flannery, Boston, Mass., were on brief for appellees in opposition to application.

Before ALDRICH and CAMPBELL, Circuit Judges.

**PER CURIAM.**

This is an interlocutory appeal from an order of the district court requiring a petitioner seeking exoneration and limitation of liability under the Limitations of Vessel Owners' Liability Act, 46 U.S.C. §§ 181 *et seq.*, to post a bond in the amount of $500,-000 although the fishing vessel has disappeared under circumstances concededly leading to the conclusion that she has been lost at sea, and has no present value. The district court conducted a hearing, which has not been transcribed due to the urgency and immediacy of its order, but we will assume that nothing was represented to it other than what has been represented to us. All that appears of record is that the court ordered the bond to be filed within ten days, apparently as a condition precedent to the issuance of monition or process, *viz.*, as a condition to maintaining the petition.

Under 46 U.S.C. § 185(a) the amount of the bond, apart from the incidental of court costs, is expressly limited by statute to the "value of the interest of such owner in the vessel and freight." *See also* section 183(a). Even here a bond is optional, subsection (b) permitting the owner the alternative of transferring his said interest to a trustee for the benefit of the claimants. Prima facie the court has imposed a condition upon plaintiff's statutory right not only unsupported by the statute, but in contradiction thereto. Assertedly claimants seek to secure their recovery in the several actions they have brought against the owner for loss of life by the members of the crew in case the limitation petition fails. The Limitation Act imposes no such requirement. We can readily see that for the court to make such a requirement on its own might constitute such a burden, or even an impossibility, as would unduly restrict or prevent plaintiff from pursuing its statutory right.

Claimants seek to justify this procedure by references to the court's equity powers, which we take to be articulated in F.R. Civ.P. 65(c), in light of the fact that the limitation proceeding, while pending, will enjoin claimants from proceeding in the actions at law they have severally brought. While this rule, applicable to all preliminary injunctions, is expressed in general terms—"such sum as the court deems proper, for the payment of such costs and damages as

may be incurred or suffered by any party who has been found to have been wrongfully enjoined or restrained," the limits are very clear. Claimants are entitled to security, not in any relation to what may ultimately be recovered, but simply on the basis of what they can show might be lost as a consequence of the injunction itself if the limitation proceeding proves unsuccessful. In accordance with common practice today, plaintiff is a one-boat owner, and while apparently the argument was made to the district court that plaintiff might use the pendency of the limitation action to dissipate or conceal its assets, concededly no representation was made to the district court that it had any assets.[1] Indeed, when pressed by us, other than engaging in speculation about piercing the corporate veil, and loose talk about the "flotilla doctrine," a rule of no conceivable relevancy, Gilmore & Black, The Law of Admiralty (2d ed.) 915, claimants' counsel conceded that his prospect of finding assets was "pretty bleak." Under these circumstances to award claimants $500,000 in security would be a windfall, totally without justification.

■ Conceivably the court was influenced by the admitted fact that plaintiff possesses an indemnity insurance policy in the amount of $500,000. This, unless claimants show something unusual about it, is not an interest of the owner in the ship to be included in the bond required by the Limitation Act. *The City of Norwich*, 1886, 118 U.S. 468, 6 S.Ct. 1150, 30 L.Ed. 134. If limitation fails, this insurance will be available to satisfy, pro tanto, any judgments recovered. If claimants could show that the pendency of the limitation proceedings may affirmatively jeopardize their chance of recovery against this insurance, should their right mature, the district court might have a question. On the present record there is no suggestion of a showing. *But see Petition of Marsuerte Compania Naviera, S.A.*, S.D.N.Y., 1966, 252 F.Supp. 279.[2] Nor would it be enough to speculate and talk of rumors, a practice we have too often witnessed; claimants must produce evidence.

Claimants also spoke of seeking a restraining order. This matter is not before us. However, we caution the district court, if it considers relief in this direction, that it should weigh usual equitable principles; the likelihood of success of the various parties, plaintiff's right to carry on necessary business activities, and, particularly, whether a restraining order will deprive plaintiff of funds needed to incur the normal expenses of pursuing its right to conduct limitation proceedings.

We accept plaintiff's permissive appeal under 28 U.S.C. § 1292(b), an unnecessary precaution. *Cohen v. Beneficial Industrial Loan Corp.*, 1949, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528. The order for the $500,000 bond is vacated, without prejudice to the granting of such other relief as may be consistent herewith.

---

1. Our inquiry of plaintiff's counsel revealed, apparently for the first time, that plaintiff had some $60,000 in assets.

2. Claimants cite *In re Panoceanic Tankers Corp.*, S.D.N.Y., 1971, 332 F.Supp. 313, a decision we agree with, but containing language we would question.