**In the Matter of The Complaint of ITAL-MARE S.p.A., as Owner of the M/V MA-RINA DI EQUA, Seeking Exoneration From or Limitation of Liability.**

**Civ. A. No. 82–0210–T.**

United States District Court,
S. D. Alabama, S. D.

March 8, 1982.

Joseph M. Allen, Jr., and Gregory C. Buffalow of Hamilton, Butler, Riddick, Tarlton & Allen, Mobile, Ala., Michael D. Wilson of Walker & Corsa, New York City, for Italmare.

Rae M. Crowe and Donald C. Radcliff of Armbrecht, Jackson, DeMouy, Crowe, Holmes & Reeves, Mobile, Ala., for six (6) cargo claimants.

## ORDER FOR MONITION

DANIEL HOLCOMBE THOMAS, District Judge.

A Complaint having been filed on or about March 8, 1982, by Italmare, S.p.A., as Owner, of the M/V MARINA DI EQUA, claiming the benefit of the limitation of liability provided for in the Revised Statutes of the United States and the various statutes supplementary thereto and amendatory thereof, and also contesting the liability of Plaintiff for any and all losses or damages incurred by or resulting from the disappearance of the M/V MARINA DI EQUA December 29, 1981, as described in the Complaint herein or at any time during the voyage upon which the said M/V MARINA DI EQUA was then engaged, and said Complaint also stating the facts and circumstances upon which said exoneration from or limitation of liability are claimed; and it further appearing from the Complaint that there is no lien on the M/V MARINA DI EQUA or any wreckage, strippings, proceeds or trace thereof; that, following the casualty, there was recovered from the M/V MARINA DI EQUA only a life raft, the value of which is estimated to be $2,500.00; that there was no prepaid freight; that there was pending charter hire in the approximate amount of $75,-890.00; and that Plaintiff will surrender by appropriate security any freight that proves to be collectible as determined in these proceedings; and an Ad Interim Stipulation for value executed by The Steamship Mutual Underwriting Association (Bermuda) Limited in the sum of $78,390.00 with interest at six per cent per annum from March 5,

1982 having been approved by this Court and filed herein on March 8, 1982; and it appearing that claims have been made or are about to be made against Plaintiff for losses and damages alleged to have occurred in consequence of events occurring during the voyage upon which the M/V MARINA DI EQUA was then engaged;

NOW, on motion of the Plaintiff, it is

ORDERED that the above stipulation for value, with surety, deposited by the Plaintiff with this Court for the benefit of claimants, in the sum of $78,390.00 with interest as aforesaid, as security for the amount or value of the Plaintiff's interest in M/V MARINA DI EQUA and her pending freight, be and hereby is approved; and it is further,

ORDERED that a Monition issue out of and under the seal of this Court citing all persons asserting claims with respect to which the Complaint seeks exoneration or limitation and admonishing them to file their claim with the Clerk of this Court at the United States Courthouse, Federal Building, Mobile, Alabama, 36602, on or before April 16, 1982, at twelve o'clock noon, and to serve upon or mail to Hamilton, Butler, Riddick, Tarlton & Allen, the attorneys for Plaintiff, a copy thereof on or before the same date, or be defaulted; and it is further

ORDERED, that the beginning or prosecution of any and all suits, actions or proceedings of any nature or description whatsoever against Plaintiff herein and/or against the M/V MARINA DI EQUA, except in the present proceedings, in respect of any claim arising out of, occasioned by, consequent upon or connected with or arising during the voyage upon which the M/V MARINA DI EQUA was then engaged resulting in her disappearance be and they hereby are stayed and restrained until the hearing and determination of this proceeding; and it is further

ORDERED, that Notice of the Complaint for Exoneration from or Limitation of Liability and the Monition pursuant thereof be given as provided by Rule F, Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, by publication of a notice in The Mobile Press Register, a newspaper published in Mobile, Alabama, once in each week for four successive weeks, and that the first publication of said notice be at least thirty (30) days before said return date and that Plaintiff, not later than the day of the second publication, shall send by registered mail a copy of said notice together with a copy of the Monition to the respective attorneys for all persons who at the time of making this Order shall have instituted suit for damage, loss or destruction occasioned by or arising out of the matters aforesaid or shall have made written claim in respect thereto, together with a copy of this Order, such mailing to be made at least thirty (30) days before the return day; and it is further

ORDERED that a copy of said notice, together with a copy of this Order and Monition be mailed on or before the day of the second publication to such other persons who are known by Plaintiff to have or to assert any claim against the vessel involved or the Plaintiff.