**In the Matter of The Complaint of ITALMARE S.p.A., as Owner of the M/V MARINA DI EQUA, Seeking Exoneration From or Limitation of Liability.**

Civ. A. No. 82–0210–T.

United States District Court,
S. D. Alabama, S. D.

March 10, 1982.

Joseph M. Allen, Jr., and Gregory C. Buffalow of Hamilton, Butler, Riddick, Tarlton & Allen, Mobile, Ala., Michael D. Wilson of Walker & Corsa, New York City, for Italmare.

Rae M. Crowe and Donald C. Radcliff of Armbrecht, Jackson, DeMouy, Crowe,

Holmes & Reeves, Mobile, Ala., for six cargo claimants.

## ORDER

DANIEL HOLCOMBE THOMAS, District Judge.

 The Order of Monition[1] dated March 8, 1982, insofar as it enjoins the filing of any suits, actions, or proceedings of any nature or description whatsoever against the plaintiff herein and/or against the M/V MARINA DI EQUA, except in the present proceedings with respect to any claim arising out of, occasioned by, consequent upon or connected with, or arising during the voyage in question is amended and modified so as to permit the filing of suits, actions or proceedings by foreign attachment or otherwise in other United States courts against the petitioner, Italmare, S.p.A. or its assets with respect to any claim arising out of, occasioned by, consequent upon or connected with the voyage in question. The filing of any such actions, however, is conditioned upon the claimants waiving any and all objections to the immediate transfer of said suits, together with any and all appropriately filed security, to the United States District Court, Southern District of Alabama, Southern Division, and any further prosecution of said suits is stayed pending further order of this Court.

After carefully considering the briefs and arguments of counsel[2] and reviewing the applicable law, it appears to this Court to be well established that a District Court has the broad discretion if the circumstances warrant to dissolve or modify its previously entered Limitation of Liability injunction. *See Langnes v. Green*, 282 U.S. 531, 541–43, 51 S.Ct. 243, 247–48, 75 L.Ed. 520 (1931); *In re Boat Camden, Inc.*, 569 F.2d 1072 (1st Cir. 1978); *Helena Marine Service, Inc. v. Sioux City*, 564 F.2d 15 (8th Cir. 1977); *Mecom v. Shell Oil Co.*, 376 F.2d 31 (5th Cir. 1967); *Guillot v. Cenac Towing Co.*, 366

---

1. This Order in its entirety is reported at 541 F.Supp. 965.

2. These briefs and arguments were submitted pursuant to Claimants' Motion to Amend Order Restraining the Filing of Further Actions Against Petitioner and Its Goods and Chattels. *See* Appendix "A".

F.2d 898 (5th Cir. 1966); *In re Wood's Petition*, 230 F.2d 197 (2d Cir. 1956); *Petition of Marsuerte Compania Naviera, S. A.*, 252 F.Supp. 279 (S.D.N.Y.1966).

Under the equitable powers granted this court, the Court feels that the circumstances of this case warrant the entering of this order.

It is ORDERED, ADJUDGED and DECREED that the Order of Monition insofar as it enjoins the filing of suits elsewhere is STAYED until April 16, 1982.[3]

APPENDIX "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE: *

PETITION OF ITALMARE, * CIVIL ACTION NO. CV–82–0210–T
S.p.A. *

MOTION TO AMEND ORDER RESTRAINING THE FILING
OF FURTHER ACTIONS AGAINST PETITIONER AND ITS
GOODS AND CHATTELS

Come now Bonito Offshore, II, Inc., Creusot Marrel, Inc., Voest-Alpine International Corp., Associated Metals and Minerals Corp., Trade Arbed, Inc. and Ferrofpaal Metals Corporation, cargo Claimants herein, and move the Court to enter an Order amending the Order of Court heretofore entered in the above styled cause enjoining further actions against Petitioner or its goods and chattels, by granting unto Claimants a period of 120 days within which to attach or perfect garnishment on the goods, chattels, assets or credits and effects of the Petitioner, Italmare, S.p.A., and as grounds therefor shows unto the Court as follows:

1. These Claimants are innocent cargo shippers or consignees of cargo which was laden aboard the M/V MARINA DI EQUA at the time she foundered and sunk on December 29, 1981 on the high seas while in route to Mobile, Alabama and other U. S. Gulf ports. Claimants' cargo of a value in excess of $2,000,000.00 was totally lost as a result of said sinking.

2. Claimants are informed and believe that goods, chattels or assets of the Petitioner Italmare, S.p.A. are now, or shortly will be, situated within the United States and that Claimants can perfect attachment or garnishment as to such goods, chattels or assets and thereby become entitled to security within the meaning of the Supplemental Admiralty Rules of this Honorable Court.

3. Claimants are informed and believe and upon such information aver that certain other cargo claimants whose cargoes were lost as a result of the sinking of the M/V MARINA DI EQUA have obtained additional security posted by Petitioner by attachment or threat of attachment of assets of the Petitioner in addition to the nominal security of $78,390.00 as posted and proposed in these limitation proceedings by Petitioner. Claimants further are informed that full and adequate security has been posted by Petitioner to secure the claim of Kloeckner, Inc. for loss of its cargo in con-

---

**3.** As a result of this Order being entered Italmare, S.p.A. filed on March 12, 1982, a Petition For Writ of Mandamus with the United States Court of Appeals for the Eleventh Circuit.
Thereafter, on May 12, 1982, the Eleventh Circuit denied said Petition for Writ of Mandamus. *See* Appendix "B".

nection with its suit now pending before this Court entitled Kloeckner, Inc., et al v. M/V MARINA DI EQUA and Italmare, S.p.A., et al., Civil Action No. 82–0035–T.

4. Claimants aver that, as a matter of equity and fairness, they should also be allowed to perfect attachment upon assets of Petitioner in order to fully secure their cargo losses, said security, however, to be contingent and valid only if Petitioner's petition for limitation of liability is ultimately denied by the Court, and that any such attachment proceedings against the goods, chattels and assets of the Petitioner, as may be permitted by the Court, to be stayed pending final order of this Court with respect to Petitioner's right, *vel non*, to limit its liability as a result of the sinking of the M/V MARINA DI EQUA.

5. If Petitioner's petition for limitation of liability is hereafter denied by the Court, then these cargo Claimants will be equitably protected and their right to security under the Supplemental Admiralty Rules will not have been unjustly frustrated by the filing of an unmeritorious petition of limitation. If, on the other hand, the petition of limitation is ultimately granted, no harm is done nor injury results to Petitioner, since the security sought by these Claimants is entirely contingent upon a denial of the Petition to limit liability.

6. Claimants further aver that this Honorable Court should exercise its inherent equitable powers so as to allow these Claimants to obtain adequate security for their losses in the event Petitioner's right to limit liability is ultimately denied by this Court as other cargo Claimants have heretofore done.

7. The sinking of the M/V MARINA DI EQUA approximately 200 miles off the Coast of France resulted in the total loss of all of the cargo so that the total claims greatly exceed the value of the security which Petitioner proposes to post. The M/V MARINA DI ALIMURI is also owned by Petitioner and that vessel is due to arrive in the Port of Norfolk on or about March 10, 1982, and Claimants should be extended the opportunity to attach that vessel now to obtain fixed and meaningful security for their losses, contingent upon the ultimate ruling of this Court with respect to Petitioner's right to limit its liability.

WHEREFORE the premises considered, Claimants move the Court to enter an order granting Claimants 120 days within which to perfect attachment in the United States of any goods, chattels or assets of Petitioner, pursuant to 46 U.S.C. § 183 et seq.

/s/ Rae M. Crowe
RAE M. CROWE

/s/ Donald C. Radcliff
DONALD C. RADCLIFF

OF COUNSEL:

Armbrecht, Jackson, DeMouy,

Crowe, Holmes & Reeves

Post Office Box 290

Mobile, Alabama 36601

APPENDIX "B"

IN THE UNITED STATES COURT
OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

No. 82–7076

---

May 12, 1982.

IN RE:

ITALMARE, S.p.A.,

Petitioner,

On Petition for Writ of Mandamus to the United States District Court for the Southern District of Alabama.

Before RONEY, KRAVITCH and CLARK, Circuit Judges.

BY THE COURT:

IT IS ORDERED THAT the petition for writ of mandamus is denied.