In the Matter of the Complaint of **BABU-YAN CARRIERS, S.A.**, owner of the **M/V PALAWAN ISLAND**, for exoneration from or limitation of liability.

Civ. A. No. 94–0589–AH–S.

United States District Court,
S.D. Alabama,
Southern Division.

Aug. 17, 1994.

---

Abram L. Philips, Jr., A. Lewis Philips, III, Mobile, AL, for petitioner.

Alex F. Lankford, III, John P. Kavanagh, Jr., Mobile, AL, for respondent.

## ORDER

HOWARD, District Judge.

This matter is before the Court on Plaintiffs' "Motion to Amend Order Restraining the Filing of Further Actions Against Petitioner and its Goods and Chattels" [Doc. # 8]. After hearing oral argument and considering the briefs of both parties the Court **DECLINES TO AMEND** its order of August 8, 1994.

## BACKGROUND

On July 23, 1994 the M/V PALAWAN ISLAND was about 150 miles southeast of Kingston Jamaica. Seawater flooded the steering room and the engine room causing the vessel to abruptly capsize and sink with its entire cargo of lumber and plywood. On August 8, 1994, Babuyan Carriers, S.A., the owner of the PALAWAN ISLAND, filed a petition for exoneration from or limitation of liability pursuant to the Limitation of Shipowners Liability Act ("Limitation Act"). 46 App.U.S.C. § 181 *et seq.*

Also on August 8, 1994, this Court entered an order [Doc. # 4] pursuant to the Limitation Act and Rule F of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims ("F.R.Civ.P.Supp.R."). That order approved, among other things, (1) the deposit of $371,-807.32 with the Court as security against possible claims, an amount consisting of the value of the PALAWAN ISLAND and her pending freight; and (2) a restraint on the prosecution of any actions against Babuyan Carriers arising out of the loss of the PALAWAN ISLAND, pending a hearing or determination of this proceeding.

On August 16, 1994, attorneys for the Claimants moved to amend the August 8, 1994 Order to allow the Claimants to attach or arrest another ship also owned by Babuyan Carriers, the M/V BABUYAN, in order that they might obtain additional security for the Claimants. The Claimants state that they will have insufficient security for their claims if the Court ultimately decides that Babuyan is not entitled to limitation. The Claimants allege, without evidentiary support, that Babuyan might move its principal remaining asset to a foreign country, thus avoiding the jurisdiction of our courts.

On the afternoon of August 16, 1994, the BABUYAN arrived in the Port of Mobile to pick up cargo for transport to the Caribbean. According to the Affidavit of Roma Willis attached to Petitioner's Brief in Opposition to the Motion To Amend [Doc. # 10], the BABUYAN "has routinely called at the Port of Mobile on a once-per-month basis for an average of twelve (12) visits to Mobile per year.... (T)he M/V BABUYAN (has been) regularly calling at the Port of Mobile since 1984." (Affidavit of Roma Willis at p. 2). Further, Hideo Suemune, the Secretary of Babuyan Carrier, S.A., stated in Petitioner's second attached affidavit that, "Babuyan Carriers, S.A., has no intent of discontinuing its liner service from Mobile or the use of the M/V BABUYAN in connection with such liner service." (Affidavit of Hideo Suemune).

## DISCUSSION

The Court first finds nothing in the Limitation Act or the Rules that "permits this court to exact security beyond that required as a prerequisite to the institution of the proceeding.... To do so would defeat the beneficial purpose of the statute." *In re Liverpool, Brazil & River Plate Steam Navigation Co.,* 49 F.2d 947 (S.D.N.Y.1931). "The Act does not require the shipowner to post any additional security in order to exercise its right of limitation, regardless of the sum of the claims made against it." *In the Matter of the Complaint of TECOMAR, S.A., as Owner of the M/V/Tuxpan, for Exoneration from or Limitation of Liability,* 1989 WL 52361 at *3 (S.D.N.Y.1989) (unpublished), *aff'd without opinion* 888 F.2d 1377

(2d Cir.1989) (also unpublished). That court recognized that the Limitation Act has been heavily criticized by courts and commentators, however, it stated that Congress has not altered the law.

Some district courts have exercised their equitable powers to modify existing restraining orders and allow attachment of further assets as additional security. See *In re Koala Shipping & Trading, Inc. (NOPAL EXPLORER)*, 1984 A.M.C. 491, 1983 WL 638 (S.D.N.Y.1983); *In re DEMLINE Navigation Ltd. (JOSEPHINE)*, 1981 A.M.C. 1465 (S.D.Ga.1981); *In re Marsuerte Compania Naviera, S.A. (TASSIA)*, 252 F.Supp. 279 (S.D.N.Y.1966). This court has also found justification for such equitable powers. *Matter of Italmare, S.p.A.*, 541 F.Supp. 966 (S.D.Ala.1982) (Thomas, J.). However, in all of those cases the party moving the court to use its equitable powers made sufficient evidentiary showings that the shipowner would likely use the restraining order as a method of avoiding judgment altogether, thus clearly abusing the spirit of the Limitation Act. Also, the claimants in the *NOPAL EXPLORER, JOSEPHINE* and *TASSIA* cases proposed attaching only the shipowner's hull insurance proceeds imposing a light burden on the shipowner.

■ While the Court recognizes that it has certain discretion to use its equity powers to prevent a misuse of the petition to limit liability, it finds that here there are no compelling factual circumstances that would justify the Court's creating an equitable exception to the clear meaning of the statute itself.

> (E)ven where equity jurisdiction exists, it generally is recognized that the equitable remedial powers of the court are not unlimited.... "The plain mandate of the law cannot be set aside because of considerations which may appeal to referee or judge as falling within general principles of equity jurisprudence." *TECOMAR* 1989 WL 52361 at *4 (quoting *Seguros Banvenez, S.A. v. S/S OLIVER DRESCHER*, 761 F.2d 855, 863 (2d Cir.1985) (citations omitted)).

"(A)ny equitable exception to this statutory scheme limiting the amount of security to be obtained must be consistent with the 'plain mandate' of these rules." *TECOMAR* at *4 (citing *OLIVER DRESCHER*, 761 F.2d 855, 863). If the Petitioner were attempting to use the Limitation Act to avoid exposure altogether, the Court could use its equitable powers to prevent such action. However, the Court has been presented with no evidence that the Petitioner has plans of moving its assets to foreign countries. Claimants made statements in their brief and at the Motion Hearing suggesting that such a move was possible, but speculation without evidence is unpersuasive. The Petitioner presented evidence that Babuyan regularly brings its ship to the Port of Mobile, that Babuyan has no plans to change that schedule, and that the Babuyan is presently booking cargo for its next visit to Mobile in September 1994. (See Affidavit of Roma Willis and Affidavit of Hideo Suemune). Accordingly, the Court finds no evidence that the vessel owner filed this petition for any reason other than to make legitimate use of the limitation statute.

For the above stated reasons, the Plaintiff's Motion to Amend [Doc. # 8] is DENIED.